IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD MOORE,

    Petitioner,

    v.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:14-CV-00572
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On January 11, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be denied and that this action be dismissed. (ECF No. 20.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 23.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 23) is **OVERRULED**. The *Report and Recommendation* (ECF No. 20) is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED** and this action is hereby **DISMISSED**.

This case involves Petitioner's convictions after a jury trial on two counts of failure to confine a vicious dog and one count of felonious assault. The Ohio Tenth District Court of Appeals affirmed the judgment of the trial court, and the Ohio Supreme Court declined review. Petitioner asserts that the evidence is constitutionally insufficient to sustain his convictions and that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963).[1] The Magistrate Judge recommended dismissal of these claims on the merits.

---

[1] Petitioner withdrew his other claims for relief.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of insufficiency of the evidence. Petitioner argues that he confined his dog inside of his house, and that it was his girlfriend who let the dog out. Petitioner specifically asserts that the evidence failed to establish that he "knowingly" caused Caine to attack Ryan Fuller, in violation of O.R.C § 2901.01(A)(5). According to Petitioner, this is because evidence indicated he was not at home, but at a neighbor's house, when Caine attacked Fuller, and he was not observed at the scene until the attack was already in progress. Petitioner argues that it would have been more reasonable to infer that his girlfriend let the dog out of the house, and that he had no knowledge that the dog was not properly confined inside of his home at the time in question.

As noted by the Magistrate Judge, the state appellate court rejected Petitioner's argument, reasoning that Caine ran loose in the neighborhood and that Petitioner had failed to confine a vicious animal in connection with the assault on Ryan. "Given Caine's prior aggressive conduct, including multiple attacks or attempted attacks described by the witnesses, the jury could properly draw the inference that [Petitioner] must be charged with the knowledge that his conduct in allowing Caine to run loose would probably cause an attack such as that endured by Ryan." *State v. Moore*, Nos. 11AP-1116-1117, 2013 WL 3968166, at *8 (Ohio App. 10th Dist. Aug.1, 2013). The state appellate court's decision is entitled to a "double layer" of deference under the AEDPA. As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), deference is due the jury's finding of guilt because the standard, announced in *Jackson v. Virginia*, 443 U.S. 307 (1979), is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Thus, even if *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court

"must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas petitioner to overcome and, for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, the Court is not persuaded that Petitioner has met this burden here.

Petitioner's *Objection* (ECF No. 23) is **OVERRULED**. The *Report and Recommendation* (ECF No. 20) is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED** and this action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

2-29-2016

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE